Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NILE MEDFORD,

        Plaintiff,

-against-

BOBBY VAN'S RESTAURANT, INC.

        Defendant(s).

CASE NO.

**COMPLAINT**

ECF Case,

---

Plaintiff, NILE MEDFORD, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), BOBBY VAN'S RESTAURANT, INC and states as follows:

### **INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) unpaid wages; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, NILE MEDFORD, is an adult resident of Kings County, New York.

6. Upon information and belief, Defendant, BOBBY VAN'S RESTAURANT, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 135 W 50th St, New York, NY 10020.

7. At all relevant times, Defendant, BOBBY VAN'S RESTAURANT, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

9. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

10. Plaintiff has been employed by Defendant for approximately the past ten (10) years until October 8, 2020.

11. During the course of his employment, Plaintiff worked approximately fifty-five (55) hours a week.

12. By way of example, and upon his recall and recollection, Plaintiff worked Monday through Thursday, 10:30 a.m. to 10:30 p.m. and Friday 10:00 a.m. to 5:00 p.m. the week of November 27, 2020.

13. Plaintiff was compensated a weekly rate of $1,475.00.

14. Further, Plaintiff was not compensated for the two-weeks he worked prior to his termination on October 8, 2020.

15. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

16. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

17. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

18. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

19. Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

20. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

21. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

22. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

23. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "22" of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

26. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

27. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

28. Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

29. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

30. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such was due that non-payment of a overtime rate would financially injure Plaintiff.

31. Defendant(s) have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

34. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

35. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at

the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

36. Plaintiff is entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

39. Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

40. Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage to Plaintiff for the last two weeks of Plaintiff's employment.

41. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate and failing to pay Plaintiff for the last two weeks of Plaintiff's employment, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

42. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

43. Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate and the last two (2) weeks of Plaintiff's employment.

44. Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

45. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
**[Failure to provide a Wage Notice]**

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

48. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

49. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

50. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

**[INTENTIONALLY LEFT BLANK]**

## COUNT 4
### [Failure to provide Wage Statements]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

53. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

54. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**[INTENTIONALLY LEFT BLANK]**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage and unpaid wages under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to pay wages, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 16, 2020

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 1029)